

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATRICIA REED                                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:16cv51WHB-JCG

MADISON COUNTY, MISSISSIPPI;
MADISON COUNTY BOARD OF SUPERVISORS;
and MADISON COUNTY SHERIFF'S DEPARTMENT                          DEFENDANTS

## COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Patricia Reed, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII and 42 U.S.C. §1981. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.      Plaintiff, Patricia Reed, is an adult African American female who resides in Madison County, Mississippi with an address of 2259A Sharon Road, Canton, MS 39046.

2.      Defendant, Madison County, Mississippi, may be served through the Chancery Clerk of Madison County, Ronnie Lott, 146 W. Center Street, Canton, MS 39046. Defendant, Madison County Board of Supervisors, through the President of the Madison County Board of Supervisors, Trey Baxter, 125 West North Street, Canton, MS 39046. Defendant, Madison County Sheriff's Department, may be served through the Sheriff of Madison County, Randy Tucker, 2941 U. S Highway 51, Canton, MS 39046.

### JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction and venue is proper in this

court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC on September 29, 2015, a true and correct copy of which is attached as Exhibit "A." Plaintiff received a Notice of Right to Sue on October 30, 2015, a true and correct copy of which is attached as Exhibit "B."

5. Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under Title VII and 42 U.S.C. § 1981.

## STATEMENT OF FACTS

6. Plaintiff, an African American female, began working for Defendants on February 28, 2011. She was supervisor of the Booking Department at the time of her termination on September 21, 2015.

7. Plaintiff worked for more than three years as a detention officer for Defendant. Plaintiff was accused of sending a threatening email to a co-worker (Sierra Morton), and was terminated for doing so.

8. Sierra Morton was not just a co-worker, she also had extensive non-work connections with Plaintiff, including counting her as a friend and fellow congregant at a local church. The relationship between Plaintiff and Ms. Morton soured, and Plaintiff sent a text message to Ms. Morton saying that she was cutting ties with Ms. Morton because there was so much drama surrounding her life and Plaintiff did not want to be a part of it.

9. Ms. Morton was involved in a relationship with Plaintiff's niece's husband and when Plaintiff's niece found out about the relationship, Ms. Morton accused Plaintiff of being the cause of the information getting out.

10. In retaliation, Ms. Morton presented the text to the administration at work and Plaintiff was discharged when the text was interpreted as a threat.

11. Plaintiff denied the text message contained any threat and stated that she was trying to distance herself from continued involvement in personal matters with Ms. Morton. Plaintiff specified in the text that Ms. Morton should limit her communications with her to work-related matters only and that God would take care of the situation.

12. The MDES Administrative Law Judge determined that Plaintiff's text message "cannot reasonably be construed as a threat that the Plaintiff would take some action to damage the interests or person" of Ms. Morton, and Defendants are bound by this decision.

## CAUSES OF ACTION

## COUNT I - VIOLATION OF TITLE VII AND 42 U.S.C. 1981 – RACE DISCRIMINATION

13. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 12 above as if fully incorporated herein.

14. The Defendants violated Title VII and 42 U.S.C. 1981 by terminating Plaintiff based on her race. Plaintiff is African American; thus, she is protected against discrimination on the basis of her race. Plaintiff was more than qualified for the position she held, and she had above satisfactory evaluations. As a matter of fact, approximately two weeks before her termination, she received an Outstanding Employee Evaluation.

She had no work-related negative issues until she was terminated for sending a text message to a co-worker. Plaintiff suffered an adverse employment decision in that she was terminated from employment with Defendants.

15.  Plaintiff's Caucasian co-workers, specifically, Matthew McGregor and Stanley Blake, white males, and Kristin Byrd, white female, have violated work rules but were not disciplined nor terminated.

16.  The unlawful actions of the Defendants complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages or reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Attorney's fees;
5. Costs and expenses; and
6. Such further relief as is deemed just and proper.

THIS the 28th day of January 2016.

Respectfully submitted,

PATRICIA REED, PLAINTIFF

By: _____
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

4

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web:  www.watsonnorris.com